IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN MATTHEW DAVIS,

                    Plaintiff,

         v.                                                    OPINION and ORDER

CAPTAIN SCOTT SMITH and                                        25-cv-157-wmc
JOHN and JANE DOES,

                    Defendants.

---

Plaintiff Stephen Matthew Davis, who is representing himself while housed at Mendota Mental Health Institute in Madison, Wisconsin, is proceeding on First and Eighth Amendment claims against defendant Captain Scott Smith, the administrator of Dodge County Detention Center in Juneau, Wisconsin.  Before the court is defendant's motion to transfer venue to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391 and 1404(a).  (Dkt. #12.)  The motion to transfer will be granted.

A civil action may be brought in a judicial district where any defendant resides if all defendants are residents of the state in which that district is located, or in a judicial district in which a substantial part of the events or omissions giving rise to the complaint occurred.  28 U.S.C. § 1391(b)(1)-(2).  This lawsuit concerns actions that occurred when plaintiff was housed at Dodge County Detention Center, which is within the territorial jurisdiction of the Eastern District of Wisconsin.  28 U.S.C. § 130(a).  Defendant Smith, currently the only defendant named, also resides in the Eastern District.  Accordingly, plaintiff should have filed this lawsuit in the Eastern District.

When a complaint is filed in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In addition, as defendant argues, a court may transfer a

case for the convenience of parties and witnesses, in the interest of justice, to any other district or division in which the case might have been brought.  28 U.S.C. § 1404(a).

Plaintiff opposes the motion on the grounds of inconvenience because he is now housed in a facility in the Western District of Wisconsin.  However, not only is the Eastern District of Wisconsin the proper venue for this case, it is also the more convenient forum for defendant and any third-party witnesses, it is closer to the location of the incident, and it has a more significant relationship to the parties and the dispute.  Accordingly, the court will grant defendant's motion and transfer this case in the interest of justice.

## ORDER

IT IS ORDERED that:

1. The motion to transfer venue filed by defendant Scott Smith (dkt. #12) is GRANTED.

2. The Clerk of Court shall transfer this case to the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

3. The parties shall file all further pleadings and correspondence related to this case in the Eastern District of Wisconsin once they receive notice of the new civil action number.

Entered this 26th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2